IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FELIX AJAYI AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF CHARLES OLADIMEJI AJAYI, | ) ) ) ) | 2:12-cv-02242-GEB-DAD |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| v. | ) ) | |
| KAISER FOUNDATION HEALTH PLAN, INC.; THE PERMANENTE MEDICAL GROUP, INC.; THE KAISER PERMANENTE EMPLOYEES 401K PLAN, THE KAISER EMPLOYEES PENSION PLAN, THE KAISER PERMANENTE EMPLOYEES PENSION PLAN SUPPLEMENTAL INCOME PLAN; and DOES 1-25, inclusive, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants seek dismissal of Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that all of Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and that as a result of this preemption Plaintiff's claims comprise a single claim for employee benefits under ERISA. Defendants also argue that this single claim should be dismissed because Plaintiff has not exhausted the applicable employee-benefit plans' internal administrative remedies.

Plaintiff responds that he agrees with Defendants' preemption arguments. Plaintiff also states that the ERISA Plans include an

1   exhaustion "require[ment] that any claim . . . be [made] on [a Plan]

2   claim form[.]" (Opp'n Mot. Dismiss 2:7-13, ECF No. 12 (citing Mot.

3   Dismiss 5:9-11, ECF No. 9).) However, Plaintiff argues: "it is believed

4   that Plaintiff exhausted administrative remedies by attempting to

5   contact on numerous occasions Kaiser so that a claim could be

6   processed[; and] that upon contacting Kaiser he was stonewalled and

7   received no information of any type." (Id. at 2:4-7, 13-14.).

8         Defendants reply that Plaintiff's mere "stonewalled" assertion

9   is insufficient to excuse the administrative remedy exhaustion

10  requirement, because a "bare allegation is not sufficient under ERISA to

11  meet th[is] . . . requirement." (Reply 1:26-2:5, ECF No. 13.)

12  Defendants also argue that Plaintiff fails to "allege that exhaustion of

13  his administrative remedies would be futile." (Id. at 2:5.)

14        Plaintiff's complaint is comprised of the following

15  allegations: "[P]laintiff . . . alleges [Defendants failed to pay] 401k

16  Plan . . . benefits to the Estate of Charles Ajayi," and this failure

17  constitutes a breach of "fiduciary and contractual obligations to pay

18  monies owed to the Estate of Charles Ajayi." (Compl. 2:22-3:9, ECF No.

19  1.)  It is evident that these allegations relate to an ERISA employee

20  benefit plan. Since "ERISA contains a broadly worded preemption clause,"

21  ERISA preempts the claims in Plaintiff's complaint, and these claims are

22  construed as a single claim "governed by ERISA." Bui v. Am. Tel. & Tel.

23  Co., 310 F.3d 1143, 1147 (9th Cir. 2002).

24        "[T]he general rule governing ERISA claims [is] that a

25  claimant must avail himself or herself of a plan's own internal review

26  procedures before bringing suit in federal court." Diaz v. United Agric.

27  Emp. Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir. 1995).

28  "[T]he federal courts have the authority to enforce the exhaustion

1  requirement in suits under ERISA, and as a matter of sound policy they

2  should usually do so." Id. (internal alteration and quotation marks

3  omitted). Plaintiff does not allege in his complaint that he submitted

4  a claim on the required Plan claim form. Therefore, Plaintiff failed to

5  comply with the Plans' "internal review procedures and hence did not

6  exhaust the available administrative remedies." Id.

7          Plaintiff urges that the exhaustion principle does not apply

8  since his claim falls within the recognized futility exception to that

9  requirement because "he was stonewalled." (Opp'n Mot. Dismiss 2:14-16.)

10 However, Plaintiff's "bare assertion[] of futility [is] insufficient to

11 bring a claim within the futility exception, which is designed to avoid

12 the need to pursue an administrative review that is demonstrably doomed

13 to fail." Diaz, 50 F.3d at 1485

14         In light of Plaintiff's failure to exhaust remedies or to show

15 that his claim is within the futility exception, Plaintiff "must avail

16 himself . . . of [the] plan's . . . internal review procedures before

17 bringing suit in federal court." Id. at 1483

18         Therefore, Defendants' dismissal motion is granted. This

19 action is dismissed without prejudice, and shall be closed.

20 Dated:  January 10, 2013

21

22 _____
   GARLAND E. BURRELL, JR.

23 Senior United States District Judge

24

25

26

27

28